**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RICHARD AMATO, on behalf of himself and all other similarly situated persons, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> DUTCH AMERICAN FOODS, INC. <br><br> Defendant. | |

## COMPLAINT AT LAW

Plaintiff Richard Amato, on behalf of himself and all other similarly situated persons, known and unknown (the "Plaintiff Class"), for his Complaint at Law against Defendant DUTCH AMERICAN FOODS, INC. ("Dutch American" or the "Company"), states as follows:

### NATURE OF ACTION

1. This is a class action under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL"), and a collective action arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for Defendant's failure to pay Plaintiff and the Plaintiff Class for all hours worked, including overtime wages.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) & (2) because the unlawful employment practices described herein were committed at Defendant's facility in

Beecher, Illinois, which is in the Northern District of Illinois. Additionally, Plaintiff resides in this judicial district.

## PARTIES

4. Plaintiff Richard Amato is an adult resident of Worth, Illinois. Plaintiff worked at Dutch American from June 2019 until approximately February 2022, when Dutch American terminated Plaintiff's employment after he suffered a severe workplace injury. At the time of his termination, he was a Forklift Driver and was paid $14.40 per hour.

5. Plaintiff and the class he seeks to represent are current and former hourly employees who have worked for Defendant at its Beecher, Illinois facility on its manufacturing floor and were required to don a required uniform ("Work Uniform") at the beginning of their respective shifts. Plaintiff and the Plaintiff Class were not paid for all time worked, including time spent donning the required Work Uniform. As a result, Plaintiff and the Plaintiff Class were not paid overtime as required by the IMWL and FLSA for all hours worked in excess of forty (40) hours in individual workweeks.

6. Within the prior three (3) years, Plaintiff was employed by Defendant as an "employee" as defined by the IMWL, 820 Ill. Comp. Stat. 105/3(d), and the FLSA, 29 U.S.C. § 203(e)(1).

7. During the course of his employment, Plaintiff handled goods that moved in interstate commerce, and he was not exempt from the maximum hour provisions of the IMWL, 820 Ill. Comp. Stat. 105/4a, and/or the FLSA, 29 U.S.C. § 207.

8. Defendant is an Illinois corporation doing business in Illinois, within this judicial district.

9. Defendant is an "enterprise" as defined in 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

## FACTUAL ALLEGATIONS

10. Dutch American is a dry foods processor that manufactures dry foods for all segments of the dry food industry, specializing in custom dry blending and various secondary packaging lines.

11. The Company schedules Plaintiff and the Plaintiff Class working as hourly employees on its manufacturing floor for ten (10) hour shifts. Thus, because Plaintiff and the Plaintiff Class typically work at least five (5) days per week, they are scheduled to work fifty (50) hours or more per week.

12. The Company has a dress code policy for its hourly employees at the Beecher facility. Specifically, Dutch American requires its hourly employees to wear a Work Uniform before beginning their shifts. Hourly employees use an identification card to clock in and out for their shifts and do not start getting paid until their work shift begins.

13. The Company has multiple shifts per day. Plaintiff worked the shift that ran from 6:30 a.m. until 4:30 p.m.

14. Plaintiff and the Plaintiff Class are required to be ready for work at the start of their shifts. As such, Plaintiff and the Plaintiff Class must arrive prior to the start of their scheduled shift in order to don their Work Uniforms.

15. It typically takes Plaintiff and the Plaintiff Class between ten (10) and fifteen (15) minutes to don their Work Uniforms.

16. After donning their work uniforms, Plaintiff and the Plaintiff Class walk from the employee locker room to the Company's manufacturing floor (collectively "work station"), whereupon they begin their shift.

17. Although the above-described pre-shift donning of the Work Uniform is an integral and indispensable part of the principal work activities for which Plaintiff and the Plaintiff Class are employed, Dutch American does not compensate Plaintiff and the Plaintiff Class for said time.

18. Plaintiff and the Plaintiff Class regularly worked in excess of forty (40) hours per work week. Accordingly, the time spent donning their uniforms constituted time worked in excess of forty (40) hours per week, and the Company thus failed to compensate Plaintiff and the Plaintiff Class at a rate of one and one-half times their regular hourly rate of pay (the "overtime rate") for time spent donning their work uniforms, to the extent the time worked exceeded (40) hours in individual workweeks.

## COUNT I – FAIR LABOR STANDARDS ACT
### (Collective Action)

19. Plaintiffs incorporate Paragraphs 1 – 18 as though fully set forth herein.

20. This Count arises from Defendant's violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for Defendant's failure to pay Plaintiff and all others similarly situated at the overtime rate for all hours worked in excess of forty (40) per workweek.

21. Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by a defendant's failure to comply with 29 U.S.C. §§ 206 – 207. Plaintiff attaches as Exhibit A his Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

4

22. All past and present hourly employees who have worked for Defendant at its Beecher, Illinois facility during the previous three (3) years, who were required to don Work Uniforms at the beginning and end of their respective shifts, are similarly situated to Plaintiff.

23. Defendant applied its compensation policies, which violate the FLSA, on a company-wide basis, including towards Plaintiff and the Plaintiff Class.

24. Plaintiff and the Plaintiff Class are or were engaged in job duties and responsibilities integral and indispensable to the operation of Defendant's business, and neither Plaintiff nor any other member of the Plaintiff Class has received proper compensation for all time spent donning their Work Uniforms.

25. Defendant's failure to pay compensation for all time worked and, as a result, its failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, is a willful violation of the FLSA, since Defendant's conduct shows that it either knew that its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

26. Plaintiff's experience is typical of the experiences of the putative class members.

27. For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

28. The members of the Plaintiff Class who are still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

a) Awarding judgment for back pay equal to the amount of all unpaid wages for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b) Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d) Awarding reasonable attorneys' fees and costs incurred in filing this action;

e) Entering an injunction precluding Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f) Ordering such other and further relief as the Court deems appropriate and just.

## COUNT II – ILLINOIS MINIMUM WAGE LAW
### (Class Action)

29. Plaintiff incorporates Paragraphs 1 – 18 as though fully set forth herein.

30. This Count arises from Defendant's violation of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, for Defendant's failure to pay Plaintiff and the Plaintiff Class at the overtime rate for all hours worked in excess of forty (40) per workweek.

31. Plaintiff and the Plaintiff Class were entitled to be compensated for all work performed, including but not limited to time spent donning required work uniforms.

32. Pursuant to the IMWL, for all weeks during which Plaintiff and the Plaintiff Class worked in excess of forty (40) hours, they were entitled to be compensated at the overtime rate.

33. Defendant has violated the IMWL by failing to compensate Plaintiff and the Plaintiff Class at the overtime rate for all hours worked in excess of forty (40) per workweek.

34. Plaintiff seeks certification of this lawsuit as a class action in order that his rights and those of the Plaintiff Class, including all overtime and other wages due, statutory damages, prejudgment interest and any other damages due, be resolved.

35. This action is brought as a class action under Fed. R. Civ. P. 23(b)(3) because the number of individuals who comprise the Plaintiff Class is so numerous that joinder of all Class members is impracticable. While the precise number of members of the Class has not been determined at this time, Plaintiff believes Defendant has employed in excess of one hundred (100) persons who have been subject to Defendant's common unlawful pay practices during the statutory three (3) year period preceding the filing of this Complaint.

36. Plaintiff and the Plaintiff Class have been equally affected by Defendant's failure to properly pay overtime wages.

37. The Plaintiff Class members who are still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

38. The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the Class.

39. Plaintiff, the Plaintiff Class, and Defendant have a commonality of interest in the subject matter and remedy sought.

40. Plaintiff is able to fairly and adequately represent and protect the interests of the members of the Plaintiff Class.

41. Plaintiff's Counsel is competent and experienced in litigating large wage and hour class and collective actions.

42. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the Class, to the Court, and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

a) Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3);

b) Appointing Plaintiff as Class Representative and his Counsel as Class Counsel;

c) Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff and all others similarly situated pursuant to the IMWL;

d) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

e) Awarding treble damages pursuant to 820 Ill. Comp. Stat. 105/12(a);

f) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

g) Awarding reasonable attorneys' fees and costs incurred in filing this action;

h) Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*; and

i) Ordering such other and further relief as this Court deems appropriate and just.


Dated: June __, 2022                                    Respectfully submitted,

Marc J. Siegel, IARDC No. 6238100                       ANTHONY AMATO, on behalf of himself
Bradley Manewith, IARDC No. 6280535                     and all other similarly situated persons,
James D. Rogers, IARDC No. 6324570                      known and unknown
SIEGEL & DOLAN LTD.
150 North Wacker Drive, Suite 3000
Chicago, Illinois 60606                                 By:/s/ Bradley Manewith
Tel. (312)878-3210                                         Attorney for Plaintiffs
Fax (312)878-3211
msiegel@msiegellaw.com
bmanewith@msiegellaw.com
jrogers@msiegellaw.com